43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl E. TIPTON, Petitioner-Appellant,
v.
David MILLS, Respondent-Appellee.
 No. 94-5542.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: BROWN, RYAN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Carl E. Tipton, a pro se Tennessee prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 After a jury trial, Tipton was convicted of two counts of aggravated sexual battery and one count of sexual battery for which he received a sentence of twenty-five years of imprisonment, fifteen years, and not less than one nor more than three years of imprisonment, respectively, all sentences to run concurrently. Tipton has exhausted his available state court remedies.
 
 
 3
 In his current habeas corpus petition, Tipton alleged the following two grounds for relief:
 
 
 4
 1. Denial of effective assistance of counsel. "Counsel failed to provide adequate defense to a charge that carries such a grievous punishment by spending only 19 1/2 hours in preparation. This would not meet with the standard set by the Supreme Court. This inadequacy irreparably harmed and prejudiced defendant's defense."
 
 
 5
 2. Introduction of oral testimony tending to prove another crime of which the defendant had already been acquitted. "Introduction of the oral testimony tending to prove a crime for which the defendant had been acquitted was in effect trying the defendant a second time and damaged the defendant's right to a fair trial."
 
 
 6
 The district court dismissed Tipton's case finding that he was not entitled to habeas relief because his counsel rendered effective assistance and because he had procedurally defaulted on his second claim and had not shown cause and prejudice to excuse the default. On appeal, Tipton continues to argue the merits of his claims. He argues that he had procedurally defaulted in presenting his second claim to the state courts due to ineffective assistance of counsel. He requests the appointment of counsel and oral argument.
 
 
 7
 Upon review, we affirm the district court's judgment. Tipton has failed to establish that he was denied fundamental fairness resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 8
 Tipton's ineffective assistance of counsel claim is without merit because he has not shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). Tipton did not properly present his second claim to the state courts and he is now barred from pursuing relief in the state courts. Absent a showing of cause and prejudice, federal habeas corpus review of Tipton's second claim is barred. Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977). No cause and prejudice for the procedural default has been shown and none is otherwise apparent from the record. Thus, consideration of Tipton's second claim is barred.
 
 
 9
 Accordingly, we deny Tipton's requests for miscellaneous relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.